```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


GARY LEAFORD CODNER,                :     CIVIL ACTION
                                    :     NO. 15-5176
          Petitioner,               :
                                    :
     v.                             :
                                    :
WARDEN-PIKE COUNTY, et al.,         :
                                    :
          Respondents.              :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              October 3, 2016

Petitioner Gary Leaford Codner ("Petitioner") filed a pro se petition (the "Petition") for a writ of habeas corpus under 28 U.S.C. § 2254, claiming that the trial court erred by not suppressing evidence seized from his suitcase and that the warrants used to effect the search of the suitcase were defective. Magistrate Judge M. Faith Angell ("Judge Angell") recommended that the Court dismiss the petition, and Petitioner objected. For the reasons set forth below, the Court will adopt Judge Angell's Report & Recommendation ("R&R"), overrule Petitioner's objections, and deny Petitioner habeas relief.

I.  **BACKGROUND AND PROCEDURAL HISTORY**[1]

In the early morning hours of May 18, 2010, Petitioner was involved in a motor vehicle accident on Route 222 near Kutztown, Pennsylvania. R&R at 2, ECF No. 14; see also Commonwealth v. Codner, CP-06-CR-2308-2010 (Pa. Ct. Com. Pl. Oct. 21, 2011), ECF No. 8-6. During the aftermath of the accident, a witness saw Petitioner pull a suitcase from his vehicle and toss it near a sign on the side of the highway. R&R at 2. The police officers who responded to the accident opened the suitcase in an effort to find something inside that might identify the owner. Id. Though the suitcase contained no such identifying information, it did contain twenty-five pounds of marijuana. Id.

On June 16, 2011, a jury in the Court of Common Pleas of Berks County convicted Petitioner of possession with intent to deliver in violation of 35 Pa. Cons. Stat. Ann. § 780-113(a)(30), and simple possession in violation of 35 Pa. Cons. Stat. Ann. § 780-113(a)(16). Id. at 1-2. He was subsequently sentenced to an aggregate term of three to five years in prison on the two convictions. Id. at 2.

---

[1] The facts recounted herein are taken from Judge Angell's Report & Recommendation ("R&R") and were not objected to by Petitioner.

On June 22, 2010, Petitioner, through counsel, filed a pretrial motion to suppress evidence on the ground that the marijuana had been illegally seized. Id. at 3. The trial court held a hearing on the motion and, on December 8, 2010, issued Findings of Fact and Conclusions of Law denying the motion and admitting the evidence. Id. Petitioner then filed a timely notice of appeal to the Pennsylvania Superior Court. Id. On March 19, 2012, the Superior Court affirmed Petitioner's judgment of sentence, and Petitioner did not petition for allowance of appeal to the Pennsylvania Supreme Court. Id.

On May 17, 2012, Petitioner filed a timely pro se petition for collateral relief pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-9546. Id. Petitioner was appointed PCRA counsel on May 21, 2012. Id.

Subsequently, Petitioner filed several petitions for a new trial that were essentially duplicative of one another. Id. On January 3, 2013, he filed a petition to proceed pro se, and on March 14, 2013, the PCRA court ordered a video hearing to determine Petitioner's counseled status. Id. After that hearing, on March 26, 2013, the PCRA court allowed the withdrawal of appointed counsel and ordered Petitioner to file an amended pro se PCRA petition. Id. On April 3, 2013, Petitioner filed a Writ of Error Coram Nobis, which the PCRA court treated as his

3

amended PCRA petition. Id. Petitioner later brought a number of similar filings in both the PCRA court and the Superior Court. Id.

On March 5, 2014, pursuant to Pennsylvania Rule of Criminal Procedure 907, the PCRA court filed a notice of its intention to dismiss Petitioner's amended PCRA petition without a hearing, and Petitioner thereafter filed a timely response in opposition to the notice. Id. On March 24, 2014, the PCRA court formally dismissed this petition without a hearing and notified Petitioner that he had thirty (30) days to file an appeal. Id. at 3-4.

On April 7, 2014, Petitioner filed a "Request for Transcripts" with the PCRA court but did not include a notice of appeal. Id. at 4. On July 3, 2014, Petitioner filed an application for relief in the Superior Court, asserting that his notice of appeal, purportedly filed on April 7, 2014, had not been docketed, and requesting that the appeal be docketed so that he could proceed. Id. On July 11, 2014, the Superior Court issued an order directing the PCRA court, within ten (10) days, to either forward Petitioner's notice of appeal or notify the Superior Court that the notice of appeal had not been filed as claimed. Id. On July 15, 2014, the PCRA court entered an order stating that, after review, it found no record of Petitioner's alleged notice of appeal. Id. On July 18, 2014, the Superior

4

Court issued an order denying Petitioner application for relief without prejudice for Petitioner to "seek appropriate relief" with the PCRA court. Id.

On July 23, 2014, Petitioner filed a "Notice of Appeal Nunc Pro Tunc" in the PCRA court, which the court deemed a request to reinstate his appellate rights. Id. On July 28, 2014, the PCRA court denied Petitioner's request. Id. On August 8, 2014, Petitioner filed a notice of appeal in the Superior Court from the PCRA court's July 28 order. Id. On August 19, 2014, in case number 1247 MDA 2014, the Superior Court issued Petitioner a Rule to Show Cause why his appeal filed on July 23 should not be quashed as untimely. Id. Petitioner filed a timely response arguing that the Superior Court should take judicial notice of the fact that he had filed a timely notice of appeal on April 7, 2014. Id. The Superior Court then discharged the Show Cause order, referred the matter to a panel for disposition, and directed that case number 1247 MDA 2014 be listed consecutively with Petitioner's appeal at case number 1350 MDA 2014. Id. On December 4, 2014, after Petitioner failed to file a brief in the matter, the appeal docketed at 1247 MDA 2014 was dismissed by the Superior Court. Id.

On April 8, 2015, the Superior Court, finding that Petitioner had not filed a timely appeal of the March 24, 2014 dismissal of his PCRA petition, affirmed the dismissal of

Petitioner's appeal docketed at 1350 MDA 2014. Id. at 4-5. The Superior Court also ruled that Petitioner's "Notice of Appeal Nunc Pro Tunc" (i.e., the subject matter of the appeal docketed at 1350 MDA 2014) was an untimely second PCRA petition because the PCRA court had no jurisdiction to consider Petitioner's request for nunc pro tunc relief under Pennsylvania law. Id. at 5. On April 20, 2015, Petitioner filed a motion for re-argument before the Superior Court. Id. This was denied on June 15, 2015, and Petitioner did not file a petition for allowance of appeal to the Pennsylvania Supreme Court. Id.

On July 13, 2015, Petitioner filed the instant Petition pro se.[2] Id. He purports to raise four claims for habeas relief, but each is essentially a repetition of the same tripartite claim--i.e., that the trial court erred by denying Petitioner's pretrial motion to suppress evidence of the marijuana seized from the suitcase at the scene of the accident, the search warrants used to effect the search of the suitcase

---

[2]   Petitioner initially filed his Petition in the United States District Court for the Middle District of Pennsylvania. See ECF No. 1. That court subsequently transferred the action to our Court on the basis that Petitioner "is attacking a conviction imposed by the Court of Common Pleas for Berks County, Pennsylvania," which is located within the United States District Court for the Eastern District of Pennsylvania. See Transfer Mem. & Order, ECF No. 1-5. The Petition was filed on our docket on October 2, 2015. ECF No. 3.

6

were defective, and the evidence was insufficient to support his convictions. Id.; see also Petition, ECF No. 3, at 3-7.

On November 10, 2015, the Commonwealth of Pennsylvania (the "Commonwealth") filed a response to the Petition, arguing that Petitioner is not entitled to habeas relief because his claims are untimely and fail to meet the exhaustion requirement. R&R 5; see also Commonwealth's Response, ECF No. 8-1, 5-13. Eight days later, on November 18, 2015, Petitioner, without leave of court, filed an "Amended Petition to Expedite Writ of Habeas Corpus Relief." R&R 5; see also Amended Petition, ECF No. 9. Petitioner attempted to raise only two claims in his amended petition--but, again, each repeats the three-part claim from his original Petition, i.e., the trial court erred by not suppressing evidence seized from his suitcase and the search warrants used to effect the search were defective. R&R 5; Amended Petition 2.

On November 24, 2015, this Court issued an order permitting the Commonwealth to file a response to the amended habeas petition on or before December 11, 2015. Court Order, Nov. 25, 2015, ECF No. 10. The Commonwealth declined to do so. R&R 5.

The R&R was filed by Magistrate Judge Angell on February 23, 2016. ECF No. 14. Petitioner timely filed his

objections thereto on March 9, 2016. ECF No. 16. The Petition is now ripe for disposition.[3]

## II. LEGAL STANDARDS

On habeas review, a federal court must determine whether the state court's adjudication of the claims raised was (1) contrary to, or an unreasonable application of, clearly established federal law, or (2) based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). In conducting this review, the federal court should bear in mind that "[a] habeas corpus petition prepared by a prisoner without legal assistance may not be skillfully drawn and should thus be read generously." Rainey v. Varner, 603 F.3d 189, 198 (3d Cir. 2010); see also U.S. ex rel.

---

[3] At the time he filed his habeas petition, Petitioner was incarcerated at the Pike County Correctional Facility in Lords Valley, Pennsylvania. It is not entirely clear whether Petitioner is still incarcerated or subject to any other continuing conditions of confinement at the present time. We need not determine conclusively whether Petitioner is still "in custody," however, because even if he is not, his petition challenges his criminal conviction and we therefore presume the existence of collateral consequences sufficient to satisfy the case-or-controversy requirement of Article III, § 2 of the Constitution. See Spencer v. Kemna, 523 U.S. 1, 8–12 (1998) (drawing a distinction between the "in custody" requirement of § 2254 and the justiciability requirement under Article III that cases not be moot); Sibron v. New York, 392 U.S. 40, 57 (1968) (holding that presumption of collateral consequences applies to petitioner's challenge to his criminal conviction because it is an "obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences").

Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.").

A court may refer an application for a writ of habeas corpus to a United States magistrate judge for a report and recommendation. See Rules Governing § 2254 Cases, R. 10 ("A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636."). A prisoner may object to the magistrate judge's report and recommendation within fourteen days after being served with a copy thereof. See 28 U.S.C. § 636(b)(1); E.D. Pa. R. 72.1(IV)(b). The court then "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Ultimately, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

A court is not required to review general objections. See Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011) ("We have provided that § 636(b)(1) requires district courts to review such objections de novo <u>unless the objection is not timely or not specific</u>." (emphasis added) (internal quotation marks omitted)). Similarly, a court is not required to review claims raised for the first time in objections; courts within this

9

district that have addressed such claims have generally concluded that "such issues are not properly before the court, and thus are not to be addressed." Ramos v. Kyler, No. 03-cv-2051, 2004 WL 828363, at *4 (E.D. Pa. Apr. 12, 2004); see also Fowler v. Mooney, No. 14-cv-1768, 2015 WL 6955434, at *2 (E.D. Pa. Nov. 9, 2015) ("The Court concludes that the interest of justice does not require consideration of the new claims because all such claims could have been presented to the magistrate judge by pro se petitioner, and he failed to do so. Thus, the objections purporting to raise new claims not presented to the magistrate judge are overruled."); Martinez v. United States, No. 94-CV-5782, 1995 WL 572913, at *11 n.3 (E.D. Pa. Sept. 28, 1995), aff'd, 92 F.3d 1173 (3d Cir. 1996) (new arguments raised in objections that "did not form the basis for [the] petition and were therefore not before the Magistrate Judge . . . are not a proper subject for a de novo review").

    A.    Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") instituted a one-year limitation period to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. See 28 U.S.C. § 2244(d)(1). This period runs from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct

>>review or the expiration of the time for seeking such review;

>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was filing by such State action;

>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>>(D) the date on which the factual predicate of the claim or claims presented could be discovered through the exercise of due diligence.

Id.

AEDPA allows for tolling of the one-year limitation period under certain circumstances. See 28 U.S.C. § 2244(d)(2). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

### B. Exhaustion and Procedural Default

In order for a petitioner to obtain habeas relief in a federal court, he must first have "exhausted the remedies available in the courts of the State." 28 U.S.C.

§ 2254(b)(1)(A). A petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

To exhaust all available state remedies, a petitioner must "properly present[] his or her claims through one 'complete round of the State's established appellate review process.'" Woodford v. Ngo, 548 U.S. 81, 92 (2006) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)); see also Picard v. Connor, 404 U.S. 270, 275 (1971) (emphasizing that "the federal claim must be fairly presented to the state courts" in order to prevent "unnecessary conflict" between state and federal courts). The petitioner bears the burden of showing that his or her claim was "fairly presented" in state court and that the argument underlying the claim is the "'substantial equivalent' of that presented to the state courts." Santana v. Fenton, 685 F.2d 71, 74 (3d Cir. 1982) (quoting Picard, 404 U.S. at 278).

"[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred," then the claim is considered procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); see also Gray v. Netherland, 518 U.S.

12

152, 161-62 (1996). A federal court will not review a procedurally defaulted claim "unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

A "fundamental miscarriage of justice" may include the conviction of an individual who is actually innocent. See Murray v. Carrier, 477 U.S. 478, 496 (1986) ("[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."). To demonstrate actual innocence, a petitioner must demonstrate "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." Schlup v. Delo, 513 U.S. 298, 314-15 (1995) (internal quotation marks omitted). An innocence claim may be "procedural" if it is premised not on substantive innocence, but instead on the claimed denial of "the full panoply of protections afforded to criminal defendants by the Constitution." Id. at 314.

C.  Cognizability of Fourth Amendment Claims

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976). To overcome this bar, a petitioner must demonstrate that he or she lacked a full and fair opportunity to litigate a Fourth Amendment claim due to a structural defect in the state system that prevented the claim from being heard. See Marshall v. Hendricks, 307 F.3d 36, 82 (3d Cir. 2002). A petitioner has a full and fair opportunity to litigate a Fourth Amendment claim if the state provides an available mechanism for suppressing evidence seized in or tainted by an illegal search or seizure. See U.S. ex rel Hickey v. Jeffes, 571 F.2d 762, 766 (3d Cir. 1978).

**III. DISCUSSION**

Judge Angell recommended that the Petition be denied and dismissed without an evidentiary hearing, and she found no probable cause to issue a certificate of appealability. Judge Angell made these recommendations on the basis of her findings that (1) the Petition was filed outside of AEDPA's one-year limitation period, (2) the Petition raises claims that are

14

unexhausted and procedurally defaulted, and (3) even if the claims were timely, exhausted, and not procedurally defaulted, they are Fourth Amendment claims that are not cognizable on habeas review.

      Judge Angell found correctly that the Petition is untimely because it was not filed until over one year past the point at which Petitioner failed to file a notice of appeal with the Superior Court following the dismissal of his PCRA petition.[4] R&R 7. Petitioner does not object to this finding of untimeliness, nor does he object to Judge Angell's conclusion that his claims, even if not untimely or procedurally defaulted, are not cognizable on habeas review.[5]

---

[4]    Petitioner's conviction became final on April 18, 2012, i.e., the last date on which he could have sought allocatur from the Pennsylvania Supreme Court, and hence that is the date on which his habeas statute of limitations began running. On May 17, 2012, Petitioner filed a timely PCRA petition, at which point twenty-nine days of his one-year limitations period had passed.  The period then tolled while his PCRA petition was pending from May 17, 2012, through April 23, 2014, which was thirty (30) days after the PCRA court formally dismissed the Petition. On April 23, 2014, which marked the expiration of Petitioner's time to file a notice of appeal with the Superior Court following the dismissal of his PCRA petition, his limitations period began running again. Petitioner did not file his Petition until well over one year later, on July 13, 2015, and thus his Petition was untimely.

[5]    As Judge Angell observed, "Petitioner raises only issues related to alleged violations of the Fourth Amendment where purportedly defective search warrants were used to seize evidence that he argues should have been suppressed at trial." R&R 10. Petitioner filed a pretrial motion to suppress the evidence that he now challenges on habeas review, and the trial

Petitioner objects only to Judge Angell's finding of procedural default, and only on grounds of actual innocence. Petitioner also raises, for the first time, a claim for ineffective assistance of counsel. Construed liberally, these objections might be read to mount a gateway claim for actual innocence. The following analysis of Petitioner's objections proceeds under this assumption.

    A.    Claim of Actual Innocence

Proof of actual innocence "serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). A petitioner may "pass through the gateway and argue the merits of his underlying claims" by "present[ing] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." Schlup, 513 U.S. at 314–16 (1995) at 316. "[A] petitioner does not meet the threshold requirement unless he persuades the district court

---

court held a hearing on that motion on October 20, 2010. Id. On December 8, 2010, the trial court denied the motion on the merits. Id. Petitioner then declined to raise the issue again on direct appeal before the Superior Court. Id. at 10-11. Because Petitioner did not lack a full and fair opportunity to litigate his Fourth Amendment claims, the Court would not consider the merits of these claims even if they were timely and exhausted.

16

that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S. at 329.

Petitioner did not raise his ineffective assistance and innocence claims until he filed his objections to Judge Angell's R&R. This Court joins the other courts within this district that have declined to address claims raised for the first time in objections on the basis that it is too late to raise them now for the first time. See, e.g., Ramos v. Kyler, 2004 WL 828363 at *4; Fowler v. Mooney, 2015 WL 6955434 at *2; Martinez v. United States, 1995 WL 572913 at *11 n.3. Moreover, even were the Court to consider the merits of these new claims, the Court nevertheless would conclude that the claims must fail because Petitioner does not identify a single piece of factual or evidentiary support for his conclusory assertions. The Court thus would be forced to conclude that Petitioner failed to produce evidence "so strong that a court cannot have confidence in the outcome of the trial," id. at 316, and therefore the Court could not allow Petitioner to pass through the gateway "to have his otherwise barred constitutional claims considered on the merits," id. at 315.

Even were the Court to consider Petitioner's ineffectiveness claim separate and apart from his actual innocence claim, both of these claims necessarily would still

17

fail individually because Petitioner points to no facts supporting his conclusory assertions that his counsel was ineffective or that he is actually innocent. At most, Petitioner's vague objections might be read to suggest that his counsel, Eric Taylor of the Public Defender's Office, began working in concert with the Government against Petitioner's interest. See Objs. at ¶¶ 3; 22; Mem. of Law, ECF No. 18, ¶ 6. But Petitioner offers no facts to support this vague contention, and insofar as this is the first time he is raising this claim, this Court will not consider it.

## IV.   CERTIFICATE OF APPEALABILITY

A petitioner seeking a certificate of appealability must demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."). "[A petitioner] satisfies this standard by demonstrating that jurists of reason could

disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Because Petitioner has not made a substantial showing of the denial of his constitutional rights, the Court declines to issue a certificate of appealability in this case.

## V. CONCLUSION

For the foregoing reasons, the Court will adopt Judge Angell's Report & Recommendation, overrule Petitioner's objections thereto, and deny the Petition for a writ of habeas corpus without an evidentiary hearing. The Court declines to grant a Certificate of Appealability.[6]

---

[6] Petitioner has a pending motion, titled "Praecipe for Emergency Stay of Removal Pursuant to Congressional Intent of Knowledge Requirement," requesting that the Court stay Petitioner's removal proceedings pending the outcome of his habeas petition. ECF No. 13. This motion duplicates a prior motion, ECF No. 11, that the Court denied by an order issued on January 5, 2016, ECF No. 12. Because Petitioner does not challenge his removal proceedings in the habeas petition and this Court is without jurisdiction to review or stay an order of removal, see 8 U.S.C. § 1252(a)(5), the Court hereby denies Petitioner's motion requesting an emergency stay of removal (ECF No. 13).